UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALENTINA GABRIMASSIHI and EMIN GABRIMASSIHI,<br><br>    Plaintiffs,<br><br>    v.<br><br>BMW FINANCIAL SERVICES NA, LLC, IRVINE BMW IRVINE MINI, DAMON JOHN SHELLY, IRVINE EUROCARS, LLC, formerly known as DOE 1, and DOES 2-30, inclusive,<br><br>    Defendants. | Case No. 8:24-cv-01409-JWH-SK<br><br>**ORDER REGARDING PLAINTIFFS' MOTION TO REMAND [ECF No. 13]** |

Before the Court is the motion of Plaintiffs Valentina and Emin Gabrimassihi to remand this action to Orange County Superior Court.[1] Defendant BMW Financial Services NA, LLC, opposes the Motion,[2] and the matter is fully briefed.[3]  The Court concludes that this matter is appropriate for resolution without a hearing.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  For the reasons described herein, the Court **DENIES** the Motion.

## I. BACKGROUND

The Gabrimassihis initially filed this action in Orange County Superior Court in February 2024.[4]  In their Complaint, the Gabrimassihis assert the following claims for relief:

- fraud and deceit;
- breach of the implied covenant of food faith and fair dealing;
- violation of Cal. Bus. & Prof. Code §§ 17220 *et seq.* (the "UCL");
- violation of Cal. Bus. & Prof. Code §§ 1750 *et seq.* (the "FAL"); and
- violation of the California Consumer Legal Remedies Act (the "CLRA").[5]

Subsequently, while the action was pending in state court, all other Defendants named in the caption were dismissed upon the request of the Gabrimassihis such that only BMW remained as a Defendant.[6]  In June 2024, BMW removed the case to this Court pursuant to 28 U.S.C. §§ 1332 & 1441, asserting diversity

---

[1]   Pls.' Mot. to Remand Case to Orange Sup. Ct. (the "Motion") [ECF No. 13].
[2]   Def.'s Opp'n to Motion (the "Opposition") [ECF No. 20].
[3]   Pls.' Reply in Supp. of Motion (the "Reply") [ECF No. 21].
[4]   Notice of Removal [ECF No. 1] ¶ 1; *see also* Notice of Removal, Ex. A (the "Complaint") [ECF 1-1].
[5]   *See generally* Complaint.
[6]   Notice of Removal ¶ 1.

jurisdiction.[7] Specifically, BMW asserted that complete diversity exists among the remaining parties because the Gabrimassihis are citizens of California, BMW is a citizen of Delaware and New Jersey, and, in their Complaint, the Gabrimassihis state that they seek damages in the amount of $464,908.43.[8]

## II.  LEGAL STANDARD

Federal courts are courts of limited jurisdiction.  Accordingly, "[t]hey possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (internal quotation marks omitted).  Where Congress has acted to create a right of removal, those statutes, unless otherwise stated, are strictly construed against removal jurisdiction.  *See id.*

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  To remove an action to federal court under 28 U.S.C. § 1441, the removing defendant "must demonstrate that original subject-matter jurisdiction lies in the federal courts." *Syngenta*, 537 U.S. at 33.  As such, a defendant may remove a civil action in which either (1) a federal question exists; or (2) complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. §§ 1331 & 1332.  "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litigation*, 549 F.3d 1223, 1234 (9th Cir. 2008).

---

[7]   *See id.* at ¶¶ 3-7.

[8]   *Id.*; *see also* Complaint 39:15.

## III. ANALYSIS

The Gabrimassihis filed their instant Motion in July 2024.[9] On the same day, they filed a "Request" to dismiss without prejudice their first claim for relief for fraud and deceit and to strike from the Complaint their prayer for punitive damages.[10] This Court struck that Request.[11]

In their Motion, the Gabrimassihis rely upon their post-removal Request to argue that—because they no longer seek punitive damages—their realistic amount of recovery is $46,420.76, and, therefore, BMW cannot adequately prove that the amount in controversy is greater than $75,000, as is required for removal pursuant to diversity jurisdiction.[12]

But diversity, for the purpose of removal to federal Court, is analyzed *at the time of removal*. See, e.g., *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 70 (1996). Here, BMW adequately proved that the parties were sufficiently diverse and that the amount in controversy requirement was met *at the time of removal*.[13]

## IV. DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** that the Gabrimassihis' instant Motion to remand [ECF No. 13] is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 17, 2024

John W. Holcomb
UNITED STATES DISTRICT JUDGE

---

[9] See generally Motion.

[10] See generally Req. to Dismiss Cause of Action for Fraud and Deceit without Prejudice and Strike Punitive Damages [ECF No. 12].

[11] See id.; Notice to Filer of Deficiencies [ECF No. 15]; Resp. by the Ct. to NOD [ECF No. 16].

[12] See Decl. of Hovanes Margarian in Supp. of the Motion [ECF No. 13-1] ¶¶ 13-17.

[13] See generally Notice of Removal.